## EDWARD T. RAPPOLD, ET AL.

v.

## INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY

Record No. 921308

June 11, 1993

Present: All the Justices

*(John G. Apostle, II; Stephen H. Abraham; Greenstein, DeLorme & Luchs*, on briefs), for appellants.

*(Jeffrey G. Gilmore; Joseph M. Sullivan; Wickwire Gavin*, on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

In connection with a construction project in Fairfax County, Dekor National Granite & Marble, Inc. (Dekor), a subcontractor, was required to post a performance bond to protect the general contractor, CCI Construction, Inc. On August 3, 1988, Dekor, by its president, Edward T. Rappold, executed the bond with Indiana Lumbermens Mutual Insurance Company (Indiana) as surety.

In turn, Indiana received a "General Agreement of Indemnity" executed by Edward T. Rappold in his individual capacity, Barbara A. Rappold, Timothy C. Rappold, and Sandra E. Rappold (the Rappolds), as well as by Dekor. In the agreement, the indemnitors undertook to

indemnify and save [Indiana] harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, . . . expense, suit, order[,] judgment[,] and adjudication whatsoever, and any and all liability [therefor], sustained or incurred by [Indiana] by reason of having executed . . . said bonds or obligations . . . .

On November 21, 1990, Centennial Contractors, Inc. (Centennial), successor in interest to CCI Construction, Inc., filed a motion for judgment against Dekor and Indiana, alleging that Dekor had breached its subcontract and that Centennial had declared the contract in default. Centennial prayed for judgment against Dekor and Indiana in the amount of $175,000.[1]

Indiana responded with a third-party motion for judgment seeking indemnification from the Rappolds under their general agreement of indemnity. In their answer and grounds of defense, the Rappolds denied liability to Indiana, alleging that the agreement was invalid, apparently on the basis of a purported alteration after execution.

Later, Indiana settled Centennial's claim for $12,000 and filed an amended third-party motion for judgment seeking recovery from the Rappolds of $24,123, representing the $12,000 paid Centennial plus "costs, expenses and fees." Indiana also sought to recover "all future attorneys fees incurred . . . in this action." In their answer and grounds of defense to the amended pleading, the Rappolds reiterated their denial of liability to Indiana.

In a pretrial order, the trial court ruled that because the Rappolds had failed to file timely responses to Indiana's requests for admission, the matters contained in the requests were deemed to have been admitted. The Rappolds conceded that this action "resulted, in effect, [in] a default judgment against [them] on liability," leaving the quantum of damages recoverable by Indiana as the only issue to be decided.

At the time of trial, Indiana's claim included the $12,000 paid Centennial, $26,670.33 in costs, expenses, and counsel fees, $4,808.15 in expenses incurred by Indiana's independent claims examiner, and $650 paid to an expert witness called by Indiana to prove the reasonableness of its claim for counsel fees, for a total of

---

[1] On May 29, 1991, Dekor filed a petition in bankruptcy in Florida, and neither Centennial nor Indiana took further action against Dekor.

$44,128.48. In a bench trial, Indiana was awarded judgment in the full amount of its claim.

The Rappolds first contend that, as a matter of law, Indiana is not entitled to recover as damages the counsel fees and costs it incurred in enforcing the indemnity agreement. This view, the Rappolds assert, is in accord with the Virginia rule, as stated in *Hiss v. Friedberg*, 201 Va. 572, 112 S.E.2d 871 (1960), that, in the absence of contractual or statutory liability, counsel fees and costs incurred by a plaintiff in litigation of an *ex contractu* claim are not recoverable unless the defendant's breach requires the plaintiff to maintain or defend an action against a third party. *Id.* at 577, 112 S.E.2d at 875-76.

The Rappolds maintain that the indemnity agreement "does not state . . . Indiana is entitled to recover attorney's fees and expenses related to its suit seeking recovery against the indemnitors." Hence, the Rappolds conclude, Indiana can recover as damages only the amount it paid in settlement of Continental's claim against Dekor, plus the amount of counsel fees and costs associated with that settlement, "provided said amounts [were] proven by Indiana."[2]

■ We disagree with the Rappolds. As the trial judge noted in commenting upon the contractual language, "this clause . . . is drawn just about as broadly as it could be and it clearly covers the expenses incurred [by Indiana in enforcing the indemnity agreement]." Indiana is entitled to be saved harmless from *every* claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment, and adjudication whatsoever. And it is entitled to indemnification from the Rappolds by showing that it suffered a loss or incurred an expense "by reason of" having executed the performance bond for Dekor.

We think the words, "by reason of," found in the indemnity agreement, are key words, having the same effect as "resulting from," and establishing causation as the test for determining whether a particular loss or expense is recoverable by Indiana. If, as the Rappolds correctly concede, Indiana is entitled to recover the

---

[2] In support of their position, the Rappolds cite several decisions of other courts: *Tony Guiffre Distrib. Co. v. Washington Metro. Area Transit Auth.*, 740 F.2d 295 (4th Cir. 1984); *Ranger Constr. Co. v. Prince William County*, 605 F.2d 1298 (4th Cir. 1979); *Continental Realty Corp. v. Andrew J. Crevolin Co.*, 380 F.Supp. 246 (S.D. W.Va. 1974); and *General Elec. Co. v. Mason & Dixon Lines, Inc.*, 186 F.Supp. 761 (W.D. Va. 1960). None, however, involves contractual provisions similar to those contained in the general indemnity agreement executed by the Rappolds. Hence, all are inapposite.

amounts it paid or incurred in settling Continental's claim against Dekor, provided "said amounts [were] proven," such recovery would be permissible only because Indiana was required to make the payment and incur the expense "by reason of" having executed the performance bond for Dekor.

■ But it was just as much "by reason of" its having executed the bond that Indiana was required to incur counsel fees and costs in maintaining this action to enforce the indemnity agreement against the Rappolds. In each instance, the loss or expense was one resulting from Indiana's having executed the bond and, therefore, was recoverable by Indiana under the terms of the indemnity agreement.

The Rappolds' next contention involves the provisions of a status conference order that required counsel, fifteen days before trial, to deliver to opposing counsel lists of the witnesses and the exhibits proposed to be introduced. The order also provided that "[n]o exhibit or name of witness not so identified and filed will be received in evidence, except in rebuttal or for impeachment."

■ The Rappolds argue that, despite the provisions of the order and the fact that Indiana filed no witness or exhibit lists, the trial court permitted Indiana to introduce into evidence a number of exhibits and the testimony of several witnesses. This action of the trial court, the Rappolds say, constituted reversible error. However, the situation changed substantially between the time the order was entered and the date of trial. In addition to fixing the terms of discovery, the order also set the case for trial on October 28, 1991. The matter was not tried on that date, however, but was continued on Centennial's motion and, later on, set for trial on May 18, 1992. Then, well before the May 18 trial date arrived, Indiana settled with Centennial and filed its amended third-party motion for judgment against the Rappolds. Next, still well in advance of trial, the trial court ruled that the Rappolds were deemed to have admitted the matters contained in the requests for admission, resulting in "a default judgment against [the Rappolds] on liability." Furthermore, a number of the exhibits whose admission the Rappolds now question had already become part of the record. Therefore, if the Rappolds desired further discovery, they had the obligation to file an appropriate motion with the trial court, rather than waiting until the morning of trial to object to the admission of any evidence.

■ In any event, "Rule 4:12 gives the trial court broad discretion in determing what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery." *Woodbury v. Courtney*,

239 Va. 651, 654, 391 S.E.2d 293, 295 (1990). And a trial court's decision to admit evidence that is not timely disclosed, rather than to impose the sanction of excluding it, will not be reversed unless the court's action amounts to an abuse of discretion. *First Charter v. Middle Atlantic*, 218 Va. 304, 308-09, 237 S.E.2d 145, 147-48 (1977). Under the circumstances of this case, we find no abuse of discretion in the trial court's decision to admit the evidence.

Finally, the Rappolds contend that Indiana did not establish the reasonableness of its charges for counsel fees and costs. Citing *Beale v. King*, 204 Va. 443, 446, 132 S.E.2d 476, 478-79 (1963), the Rappolds argue that when a contract provides for the award of counsel fees and costs but does not fix the amount thereof, the fact finder must determine from the evidence what is reasonable under the facts and circumstances of the particular case. Then, quoting from *Mullins v. Richlands National Bank*, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991), the Rappolds say that "the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances."

The Rappolds then point out that Indiana settled Centennial's claim for only $12,000. Hence, the Rappolds maintain, "the remaining balance of the $44,128.48 judgment . . . represents attorney's fees and costs incurred by Indiana, the 'bulk' of which . . . was incurred prosecuting the indemnity claim against the Rappolds." Concluding, the Rappolds say that a claim "nearly three hundred percent (300%) larger than the settlement amount of the underlying litigation should not be considered reasonable under the circumstances of this case."

What the Rappolds overlook, however, is that the underlying litigation between Centennial and Indiana involved $175,000, not $12,000, and that the $32,128.48 claimed for counsel fees and costs represents only about 18.3% of the $175,000 claim. Also overlooked by the Rappolds is the fact that part of the counsel fees and costs claimed by Indiana results from the defense of a bill for injunction, brought in Dekor's bankruptcy proceeding in Florida, seeking to enjoin Indiana from prosecuting this action against the Rappolds in Virginia.

Furthermore, Indiana presented at trial the testimony of an attorney who qualified as an expert witness and who stated that, in his opinion, the amount of the counsel fees claimed by Indiana was reasonable. While the trial court was not bound by the testimony of

this expert, it obviously decided to accept his opinion, as it was free to do. In these circustances, we are not inclined to reverse the decision, especially since the expert's testimony was not contradicted or counteracted in any way.[3]

Finding no error in the actions of the trial court, we will affirm its judgment.

*Affirmed.*

---

[3] In their argument concerning the reasonableness of Indiana's claim for counsel fees and costs, the Rappolds do not even mention two items, *viz.*, the $650 witness fee charged by Indiana's attorney-expert and the $4,808.15 billed by Indiana's independent claims examiner. Therefore, we need not consider the items.