**AMERICAN SALES CORPORATION,**
**Plaintiff,**

v.

**ADVENTURE TRAVEL,**
**INC., Defendant.**

**Civ. A. No. 2:93cv782.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 25, 1994.

Dean T. Buckius, Neil S. Lowenstein, Norfolk, VA, for plaintiff.

---

Gregory K. Pugh, Virginia Beach, VA, for defendant.

### ORDER

PRINCE, United States Magistrate Judge.

The Court entered an Opinion and Order on September 8, 1994, 862 F.Supp. 1476, awarding plaintiff $22,500. In response, plaintiff filed a Motion to Amend Judgment and Motion for Reconsideration on September 23, 1994, to which defendant responded on October 5, 1994. Plaintiff replied to that response on October 14, 1994. After considering the motions, the Court GRANTS the Motion for Reconsideration, as to the plea for attorneys' fees under the breach of contract claim, for the reasons stated below.

### Discussion

Plaintiff first asks the Court to address the Consent Order entered by United States District Judge Richard Kellam on September 28, 1993, and defendant's duty to return the misappropriated information. The parties appear to agree that there was an agreement to have that Consent Order, which was effective only until final resolution of the case, entered permanently. Plaintiff urges this entry, and defendant responded in its Brief in Opposition to Plaintiff's Motion to Amend and Motion to Reconsider that it has no objection. Therefore, the Court hereby ORDERS that the Consent Order, including all of the terms and conditions contained therein, be entered permanently. In addition, plaintiff contends the parties agreed that defendant would return all misappropriated information to plaintiff. Plaintiff's counsel has advised the Court that this agreement occurred on March 18, 1994, at the Final Pretrial Conference. The Final Pretrial Order contains a statement that defendant had agreed "to return to the plaintiff all misappropriated member/distributor information of the plaintiff's," but this statement was placed in the "Triable Issues," and not "Stipulations" section. There is no other record of this agreement. The Court will reserve acting until it has a clearer picture of the agreement, and invites defendant to respond to this matter at the time indicated below for a response by defendant.

Plaintiff next asks the Court to reconsider its refusal to award punitive damages and attorneys' fees under the Virginia Uniform Trade Secrets Act ["the Act"], Va.Code Ann. § 59.1–338 (Michie 1992). The Act states that "if willful and malicious misappropriation exists, the court may award punitive damages...." Id. The Court may award attorneys' fees under the same standard as punitive damages—only if the misappropriation was willful and malicious. Id. at § 338.1. Plaintiff also asks that the Court reconsider its finding that "[p]laintiff obtained many of the names on [the] list from a list of Pat Robertson and Christian Broadcasting Network supporters...."

The Court, after considering all of the evidence, made the findings of fact set out in the Opinion and Order. Based on those, the Court found that the misappropriation was not willful and malicious. The Court finds no reason to reconsider the findings of fact. Therefore, the Motion for Reconsideration on both of these grounds is DENIED.

However, plaintiff has brought to the Court's attention new support for its claim that the "INDEMNITY" clause in the contract between the parties entitles plaintiff to recover attorneys' fees in this action. The Court originally relied on the traditional tort definition of indemnity, which clearly would not allow an award of attorneys' fees in this situation. Two cases in particular have convinced the Court that Virginia law does allow an award of attorneys' fees under provisions similar to the one in this contract, which is set out in full in Trial Exhibit D, p. 6.

In *Rappold v. Indiana Lumbermens Mut. Ins.*, 246 Va. 10, 431 S.E.2d 302 (1993), the Supreme Court of Virginia examined a contract clause in which one party agreed to " 'indemnify and save [the other party] harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, ... expense, suit, order[,] judgment[,] and adjudication whatsoever, and any and all liability [therefor], sustained or incurred by [the other party] by reason of having executed ... [the contract].' " *Id.*, 431 S.E.2d at 303. The court focused on the breadth of the

language and the causation phrase, "by reason of," and found that the attorneys' fees in the suit between the parties were incurred because of the execution of the contract. This indicates that the application of an indemnity clause phrased this broadly is not limited to a suit involving a third party. In this case, the provision is equally broad, and it contains the causation phrase "resulting ... from ... the performance of this Agreement."

The Supreme Court of Virginia also dealt with this issue in *Chesapeake and Potomac Tel. Co. v. Sisson and Ryan, Inc.,* 234 Va. 492, 362 S.E.2d 723 (1987). The applicable portion of that provision reads: "[T]he Contractor shall indemnify and hold harmless the Owner and the Architect from and against all claims, damages, losses and expenses, including ... attorneys' fees, arising out of or resulting from the performance of the Work...." Again, the court found that an award of attorneys' fees under this clause was proper even in a suit between the contracting parties.

### ORDER

After being presented with this authority, the Court GRANTS plaintiff's Motion for Reconsideration, and hereby AMENDS its Opinion and Order to include an award to plaintiff of reasonable attorneys' fees. The Court ORDERS plaintiff to submit a claim for reasonable attorneys' fees within two weeks of the entry of this order, with sufficient particularity for defendant to respond. Defendant will have one week from the filing of plaintiff's claim within which to respond. The Court will decide the amount of the attorneys' fees on the papers submitted unless either party contacts Michael Gunn, Calendar Clerk of the Court, to set a hearing.