**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LABORATORY CORPORATION OF
AMERICA HOLDINGS, INCORPORATED,
formerly known as Roche
Biomedical Laboratories,
Incorporated,
Plaintiff-Appellee,

v.

CLINICAL LABORATORY CONSULTANTS,
INCORPORATED,
Defendant-Appellant,

and

FABIO E. GUTIERREZ, M.D.,
Defendant.

No. 97-1175

LABORATORY CORPORATION OF
AMERICA HOLDINGS, INCORPORATED,
formerly known as Roche
Biomedical Laboratories,
Incorporated,
Plaintiff-Appellant,

v.

CLINICAL LABORATORY CONSULTANTS,
INCORPORATED,
Defendant-Appellee,

and

FABIO E. GUTIERREZ, M.D.,
Defendant.

No. 97-1219

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-658-3)

Argued: July 7, 1997

Decided: September 5, 1997

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brewster Stone Rawls, BREWSTER S. RAWLS &
ASSOCIATES, P.C., Richmond, Virginia, for Appellant. John Henry
OBrion, Jr., COWAN & OWEN, Richmond, Virginia, for Appellee.
**ON BRIEF:** John B. Nicholson, BREWSTER S. RAWLS & ASSO-
CIATES, P.C., Richmond, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Laboratory Corporation of America Holdings, Incorporated, for-
merly Roche Biomedical Laboratories, Incorporated (Roche), brought

2

this indemnification action against Clinical Laboratory Consultants, Incorporated (CLC) to recover payments made by Roche in settlement of a medical malpractice action. Following a bench trial, the district court granted judgment to Roche and awarded attorneys' fees incurred in the indemnification action against CLC. However, the court refused to allow Roche to recover legal fees expended in defending the underlying malpractice action. CLC appeals the judgment of the district court in favor of Roche on the indemnification claim and the award of attorneys' fees. Roche cross appeals the refusal of the district court to award attorneys' fees it incurred in defending the malpractice action. We affirm in part, reverse in part, and remand.

I.

Roche's claim for indemnification arose out of a medical malpractice action initiated in Virginia state court by Nancy Benson against numerous defendants, including Roche; two of Roche's laboratory technicians; and Dr. Fabio Gutierrez, a pathologist employed by CLC. Roche provided pathology services for various health care practitioners in Richmond, Virginia. Ordinarily, physicians sent pap smear tests to Roche for analysis by a technician. Abnormal specimens, however, required further review by a board-certified pathologist. Roche entered into a written agreement with CLC whereby CLC agreed to supply such pathology services. Additionally, CLC agreed

> to defend and indemnify and hold Roche Biomedical harmless from any and all liability to all persons, due to bodily injuries, including death, and/or damage to all property, arising directly or indirectly from [CLC's] own negligence or wrongful act [sic] or the negligence or wrongful acts of its agents and employees.

J.A. 24.

Shortly before Benson's malpractice action went to trial, she accepted a comprehensive settlement offer of $1.75 million that was extended on behalf of all defendants. Roche contributed $750,000 to the settlement amount, as did Benson's treating physicians. Dr. Gutierrez contributed $250,000. CLC, although not a defendant in the

3

malpractice action, signed the settlement agreement. The agreement provided that "the fact of settlement and the amounts Roche and Gutierrez have agreed to contribute to settlement of the lawsuit shall not waive or affect in any manner the rights, if any exist, of Roche or CLC ... to seek full indemnification and/or contribution from the other pursuant to" their written agreement. J.A. 373.

Roche then filed this action seeking indemnification from CLC and Dr. Gutierrez in the amount of $750,000, plus attorneys' fees incurred in the defense of Benson's lawsuit and in the prosecution of this action for indemnification. The district court determined that because CLC had received appropriate notice of the underlying claim and had been given a meaningful opportunity to defend against it, Roche was required only to prove potential liability, i.e. , "that its settlement was reasonable and in good faith." J.A. 276 (internal quotation marks omitted). Concluding that the settlement in fact was reasonable and in good faith, the district court awarded Roche the full amount it contributed to the Benson lawsuit plus the attorneys' fees that it incurred in recovering this amount from CLC. However, the court refused to award any attorneys' fees incurred by Roche in defending against Benson's malpractice claims, reasoning that Roche had to incur legal fees in any event to defend its two employees.

II.

With respect to the grant of judgment in favor of Roche on its indemnification claim, CLC raises two issues on appeal. First, CLC asserts that the district court erred in determining that CLC had notice of and an opportunity to defend Benson's malpractice claim and, as a result, that Roche was required to prove only that its settlement of the claim was reasonable and was made in good faith rather than that Roche was actually liable to Benson. See Jennings v. United States, 374 F.2d 983, 985-87 (4th Cir. 1967); see also Atlantic Richfield Co. v. Interstate Oil Transp. Co., 784 F.2d 106, 111 (2d Cir. 1986). Specifically, CLC contends that Roche should be required to make a showing of actual liability because it did not afford CLC sufficient notice or an opportunity to defend against Benson's malpractice action. We disagree. CLC clearly had notice of Benson's claim against Roche since Dr. Gutierrez was also a defendant in the malpractice action. Furthermore, CLC directly participated in the settle-

4

ment negotiations, was represented by counsel for Dr. Gutierrez during the negotiations, and actually signed the settlement agreement.

CLC next asserts that Roche's settlement of Benson's claims was not reasonable, contending that Roche had a strong defense on the basis that it was not vicariously liable to Benson for the acts or omissions of Dr. Gutierrez because he was an independent contractor of Roche. After closely reviewing the record, we conclude that the district court did not err in concluding that the settlement was reasonable. A jury reasonably could have concluded that Roche exercised sufficient control over the work of Dr. Gutierrez to be vicariously liable for his acts, given that he performed work at Roche's laboratory, used Roche's equipment, reported his findings on Roche's forms, and was empowered to revise various procedures performed at Roche's laboratory. See Hadeed v. Medic-24, Ltd., 377 S.E.2d 589, 594-95 (Va. 1989). Furthermore, Roche's $750,000 contribution to the comprehensive settlement was reasonable in light of the fact that the presiding judge and a mediator determined independently that the total settlement value of the case was $1.75 million. [1] And, CLC approved the settlement agreement, evidencing its belief that the amount was reasonable.[2]

_____

[1] CLC also argues that the amount of the settlement was unreasonable because Virginia limits damages in medical malpractice actions against health care providers to $1,000,000. See Va. Code Ann. § 8.01-581.15 (Michie 1992). However, at the time of the settlement in 1995 it was not clear that a clinical laboratory such as Roche would be protected by the statutory cap. See Richman v. National Health Labs., Inc., 367 S.E.2d 508, 510-11 (Va. 1988) (holding that a clinical laboratory was not a health care provider under the statutory definition of that term). Indeed, the Supreme Court of Virginia has since clarified that the statutory cap does not protect any individual or entity that is not a health care provider as that term is defined by Virginia law. See Schwartz v. Brownlee, 482 S.E.2d 827, 831 (Va. 1997). Given the possibility that Roche would be responsible for the full amount of any judgment in Benson's favor, its decision to settle was not unreasonable.

[2] We have carefully considered CLC's remaining argument challenging the indemnification award and conclude that it is without merit.

5

III.

Both parties challenge the ruling of the district court with respect to attorneys' fees. CLC contends that the district court erred in awarding Roche attorneys' fees incurred in connection with this indemnification action, asserting that absent an express agreement to the contrary, attorneys' fees are recoverable only to the extent they are incurred in the defense of a claim by a third party and not in the prosecution of an action for indemnity. We disagree. An indemnitee who is forced to bring an action against an indemnitor to enforce an indemnification agreement may recover legal fees and costs incurred in establishing its right to indemnification, provided the language in the agreement is sufficiently broad to encompass the recovery of such expenses. See Rappold v. Indiana Lumbermens Mut. Ins. Co., 431 S.E.2d 302, 304-05 (Va. 1993). Here, CLC agreed to indemnify Roche "from any and all liability ... arising directly or indirectly from ... the negligence or wrongful acts of its agents and employees." J.A. 24. Because this language is broad enough to include the recovery of legal fees incurred in enforcing the indemnification agreement, we conclude that the district court properly awarded Roche its attorneys' fees in this action. See id.

In turn, Roche contends that the district court erred in concluding that Roche was not entitled to recover the attorneys' fees it incurred in defending against Benson's malpractice action because such fees were unreasonable and excessive. We agree. In determining whether a fee is reasonable, the court "should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." Mullins v. Richlands Nat'l Bank, 403 S.E.2d 334, 335 (Va. 1991). Here, the district court refused to award even a portion of the attorneys' fees incurred by Roche in connection with its defense of Benson's lawsuit for the sole reason that Roche was obligated to pay legal fees in any event to defend its employees. This fact alone, although it may justify a reduction of attorneys' fees, is not sufficient to defeat Roche's entire claim for attorneys' fees resulting from the defense of Benson's claims as a matter of law. Accordingly, we reverse this portion of the order of the district court and remand for a determination, in light of all the attendant circumstances, of whether Roche is entitled to recover attorneys' fees expended in connection with the underlying lawsuit. In

6

making this determination, the district court should apportion the fees between those incurred as a result of the allegations against Dr. Gutierrez and those incurred in defense of Roche's employees, setting off any amount that can be attributed to the defense of the two Roche employees.

IV.

For the foregoing reasons, we affirm the judgment of the district court on Roche's indemnification claim and the award of attorneys' fees incurred by Roche in connection with this action. We reverse that portion of the judgment relating to Roche's claim for attorneys' fees connected with its defense of the underlying action and remand for a proper determination of whether any such fees are recoverable.

AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

7