JUSTICE KINSER,
with whom JUSTICE LACY and JUSTICE LEMONS join, concurring.
Because I believe the trial court abused its discretion under Rule 4:12, I concur in the result reached by the majority; however, I cannot subscribe to the majority’s interpretation of Rule 4:12(d). Therefore, I write separately to discuss the analytical framework established by the plain language of Rule 4:12, in particular the relationship among subsections (a), (b)(2), and (d) of that rule.
First, subsection (a) authorizes a party to move for an order compelling discovery if a deponent fails to answer a question; if a party fails to answer an interrogatory; or, if in response to a request for inspection, a party fails to respond that the inspection will be permitted or to permit the inspection. For purposes of subsection (a), an evasive or incomplete answer is treated as a failure to answer. Rule 4:12(a)(3). If the requesting party prevails on the motion to compel, the court may, depending on the relief requested in the motion, order the opposing party to answer a particular question or interrogatory, or provide additional information. However, the only sanction that the court may impose, if appropriate, is an award of expenses, including attorney’s fees. Rule 4:12(a)(4).
Subsection (b)(2) provides that if a party fails to obey an order to provide or permit discovery, including an order made under subsection (a), a court may enter such orders as are just and may impose the sanctions enumerated in paragraphs (A), (B), (C), (D) and (E) of subsection (b)(2). These paragraphs authorize sanctions such as directing that certain matters or facts shall be taken to be established; refusing to allow the disobedient party to support or oppose designated claims or defenses; striking the pleadings, or some part of them; dismissing the action; or treating the failure to obey as a contempt of court.
Finally, subsection (d) applies when a party fails to do one of the following: (1) appear for a deposition after being served with proper notice, (2) serve answers or objections to interrogatories after proper *313 service of the interrogatories, or (3) serve a written response to a request for inspection after proper service of the request. In these instances of a complete failure to respond, a court may make such orders as are just and may impose any of the sanctions enumerated in paragraphs (A), (B), and (C) of subsection (b)(2). Subsection (d) further provides that a party’s failure to act in one of the enumerated instances is not excused on the basis that the discovery is objectionable unless the party failing to act has applied for a protective order under Rule 4:1(c).
In finding that the trial court in the present cases erred in dismissing the motions for judgment filed by Pauline Brown and Elaine Hughes, the majority interprets subsection (d) of Rule 4:12 as implicitly containing a provision like that found in Rule 4:12(b)(2), specifically that a party must fail to obey an order providing or permitting discovery before the sanctions prescribed in subsections (b)(2)(A), (B), and (C) may be imposed. Because the sanctions enumerated in these subsections are permitted under subsection (b)(2) only when a party has failed to obey an order to provide or permit discovery, the majority reasons that the predicate provision of Rule 4:12(b)(2), i.e., prior issuance of an order compelling discovery, limits a trial court’s exercise of its powers under subsection (d) as well as under subsection (b)(2). I do not agree.
Subsection (a) of Rule 4:12 is implicated when a party provides only a portion of the information sought through discovery. Subsection (b)(2) is invoked after a trial court issues an order to provide or permit discovery, including an order to compel pursuant to subsection (a), and that order is disobeyed. However, the discovery problems addressed in subsections (a) and (b)(2) are different from those covered by subsection (d). Subsection (d) applies when a party completely fails to respond to discovery requests, such as not appearing at a deposition after proper service or not responding at all to a set of interrogatories. In those instances, a trial court has the discretion to make such orders as are just and to utilize the sanctions specified in paragraphs (A), (B), and (C) of subsection (b)(2) without first issuing an order compelling a party to attend a deposition, to serve answers or objections to interrogatories, or to serve a written response to a request for inspection. However, the majority’s construction of Rule 4:12(d) prevents a trial court from imposing any of the permitted sanctions directly upon a party’s complete failure to respond to discovery requests. The majority reaches this result even though subsection (d) addresses the most egregious discovery abuses *314 and provides that “the failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order . . . .”
In interpreting court-adopted rules, courts should apply the same principles that govern statutory construction. Hanson v. Commonwealth, 29 Va. App. 69, 77, 509 S.E.2d 543, 546 (1999) (citing Green v. Lewis Truck Lines, Inc., 443 S.E.2d 906, 907 (S.C. 1994)). One of those principles is preserving the harmony of the entire scheme of a statute or rule. However, the majority’s decision in this case ignores the “settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary.” Sansom v. Board of Supervisors of Madison County, 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999). Once the predicate requiring violation of an order regarding discovery is imported to subsection (d), that subsection is subsumed entirely into subsection (b)(2) and, consequently, rendered meaningless. Thus, I conclude that Rule 4:12(d) expressly provides for the use of the sanctions contained in paragraphs (A), (B), and (C) of subsection (b)(2) upon a party’s failure to attend a deposition, to serve answers or objections to interrogatories, or to serve a written response to a request for inspection, absent a prior order compelling such action.*
This reading of the operation of Rule 4:12(d) comports with the manner in which federal courts have applied Rule 37 of the Federal Rules of Civil Procedure. The pertinent terms of both rules are essentially identical. Federal courts have consistently interpreted subsection (d) of Rule 37 as authorizing a trial court to impose sanctions for the discovery abuses addressed in that subsection even though a party has not violated any prior court order regarding discovery. See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (Federal Rule of Civil Procedure 37(d) allows court to dismiss action if party fails to appear for deposition; no motion to compel is required before such dismissal); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) (“Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order.”); Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980) (Rule 37 sanctions are ordinarily imposed following violation of court order; only *315 exceptions are situations involving Rule 37(c) and (d); Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3rd Cir. 1979) (direct order by court is not necessary predicate to imposing sanctions under Rule 37(d)); Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966) (sanctions under Rule 37(d) apply irrespective of whether court has ordered delinquent party to appear for deposition or to answer interrogatory); but see United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997) (although Rule 37(d) does not require issuance of order compelling discovery before sanctions are authorized, “judicial interpretation of the rule” requires such order or motion to compel before default judgment may be imposed as a sanction).
The structure of Rule 37 has been described as a system of “progressive discipline.” 7 James Wm. Moore et al., Moore’s Federal Practice ¶ 37.90 (3rd ed. 2000). I believe that description is equally applicable to Rule 4:12. Viewed in that manner, the function of subsection (d) in both rules becomes apparent.
The misconduct at which subdivision (d) is directed consists of a party’s complete failure to respond, by way of appearance, objection, answer, or motion for protective order, to a discovery request. Such a complete failure strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing.
* * * *
Thus, if a party . . . does not appear for a properly noticed deposition, does not answer or object to interrogatories properly served, or does not make a written response to a proper request for production or inspection, the court may impose sanctions directly, without first issuing an order to compel discovery.

Id.

Accordingly, I cannot conclude, as the majority does, that the dismissal of the motions for judgment pursuant to Rule 4:12(d) in the absence of a violation of an order compelling discovery was legal error. Rather, I maintain that the trial court’s decision to dismiss the plaintiff’s motions for judgment under Rule 4:12(d) based on the failure to respond to the defendants’ discovery requests should be *316 reviewed pursuant to an abuse of discretion standard. See Rappold v. Indiana Lumbermens Mut. Ins. Co., 246 Va. 10, 15, 431 S.E.2d 302, 305 (1993) (trial court’s decision under Rule 4:12 will not be reversed unless decision amounts to abuse of discretion). In applying that standard, I adhere to the view that, when the most severe sanctions are imposed, one part of the inquiry is whether a trial court could have furthered the goals of discovery through less drastic measures. See Wilson v. Volkswagen of America, 561 F.2d 494, 503-06 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978) (trial court’s range of discretion is more narrow when imposing most severe sanction in range of sanctions available); Mutual Federal Savings & Loan v. Richards & Assoc., 872 F.2d 88, 92 (4th Cir. 1989) (when trial court uses most severe sanction, court’s decision “is confronted head-on by the party’s rights to a trial by jury and a fair day in court”).
Applying that guiding principle, I am convinced that the trial court’s decision to dismiss the instant cases amounted to an abuse of discretion. In the prayers for relief contained in the defendants’ motions, the defendants requested the trial court to order Brown and Hughes to answer interrogatories, to submit to depositions, and to undergo independent medical examinations, all to be completed within 30 days. In the alternative, they asked for dismissal of the cases with prejudice. In ruling on the defendants’ motions, the trial court declined to grant the primary relief requested in lieu of the far more severe sanction of dismissal. Considering not only that the trial court did not determine whether a less drastic sanction would have resolved the discovery abuse and at the same time furthered the goals of discovery, but also that it did not make any findings regarding whether the plaintiffs had acted in bad faith; to what extent, if any, the defendants had been prejudiced by the discovery delay; or whether plaintiffs had engaged in other discovery abuses, I would hold that the trial court abused its discretion by imposing the most severe sanction in these cases.
For these reasons, I respectfully concur only in the judgment of the majority opinion.

 As noted below, selection of the severity of the sanction imposed is a matter of discretion depending on the circumstances presented to the court.