**Salem**

JEFF COAL, INC. et al.

v.

JEFFREY L. PHILLIPS

No. 0518-92-3

Decided April 20, 1993

COUNSEL

Ramesh Murthy (Penn, Stuart, Eskridge & Jones, on briefs), for appellant.

Gregory R. Herrell (Jon L. Duncan; Arrington, Schelin & Herrell, P.C., on brief), for appellee.

OPINION

**KOONTZ, C.J.**—Jeff Coal, Inc., employer, appeals from a decision of the Workers' Compensation Commission (commission) awarding benefits to Jeffrey L. Phillips (Phillips), claimant. On appeal, employer contends that the commission erred (1) in finding that Phillips had timely filed a claim for benefits and (2) in striking employer's defenses. We hold that the commission did not err in finding that Phillips' claim was timely filed. However, because we find that the striking of employer's defenses constituted an abuse of discretion, we reverse and remand the commission's decision.

Phillips, an underground coal miner, was working for employer on April 18, 1989, when he struck his right knee against a rock while crawling in a mine. Phillips sought medical treatment that day from Dr. Reddy. In a May 10, 1989 report, Dr. Reddy diagnosed a torn medial meniscus of the right knee. Phillips testified that he reported this

injury to employer on or about May 9, 1989, but no report of accident was filed with the commission.

On January 18, 1991, Phillips was picking up a toy for his child when his right knee "locked up." Phillips returned to Dr. Reddy on January 21, 1991; Dr. Reddy diagnosed a torn lateral meniscus and arthroscopic surgery was performed. Dr. Reddy related the locking-up of Phillips' knee to the April 18, 1989 incident.

On March 8, 1991, Phillips filed an application for hearing alleging an injury on April 18, 1989. Phillips described the nature of the injury as a torn medial meniscus. In the change in condition section of the application, Phillips described the nature of the injury as "[r]ight knee locked up - had arthroscopic surgery."

Phillips filed interrogatories with the commission on May 28, 1991. By order dated May 29, 1991, the deputy commissioner ordered employer "to file responses with the commission, and to send a copy to [Phillips] by June 18, 1991." A hearing on Phillips' claim was scheduled for June 19, 1991. Employer mailed the answers to interrogatories to the commission by first class mail under a cover letter dated June 18, 1991. Although the materials were received in the commission's Lebanon Regional Office on June 19, 1991, they had not been placed in the commission's file at the time the case was called for hearing. Employer also mailed a copy of the answers to Phillips by first class mail on June 18, 1991. At the hearing on June 19, Phillips informed the commission that the answers to interrogatories had not been received, and moved that employer's defenses be struck. The deputy commissioner granted Phillips' motion and struck all of the employer's defenses except the defense of the statute of limitations.[1] The deputy commissioner found that Phillips' application was timely filed within the statutory period. The deputy commissioner also found that Phillips suffered an injury by accident on April 18, 1989, and entered an order awarding benefits. The full commission affirmed the deputy commissioner's decision, finding that (1) the claim for benefits was timely filed; (2) the deputy commissioner did not err in striking

---

[1] Employer defended the action on the following grounds: (1) the claim was barred by the statute of limitations (Code § 65.2-601); (2) Phillips failed to file a report of injury (Code § 65.2-600); (3) there is no causal relation between Phillips' condition and his April 1989 injury; (4) Phillips suffered a new, independent injury and accident outside of his employment; and (5) Phillips was released to return to work on March 18, 1991 by Dr. Reddy.

employer's defenses; and (3) Phillips established an injury by accident on April 18, 1989 arising out of and in the course of employment.

We first address employer's contention that the commission erred in finding that Phillips had timely filed a claim for benefits pursuant to Code § 65.2-601 (former Code § 65.1-87). Employer alleges that the claim was barred by the statute of limitations because Phillips failed to allege an original injury by accident within two years after its occurrence. In support of this argument, employer contends that the application for hearing alleged a change in condition rather than a new injury, and the application was never amended to allege a new injury.

■ Code § 65.2-601 provides that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Phillips filed an application for hearing on March 8, 1991, alleging an injury on April 18, 1989. However, Phillips also completed the change in condition section of the application, describing the injury as "[r]ight knee locked-up - had arthroscopic surgery." The commission found that Phillips had alleged a new injury on April 18, 1989, not a change in condition:

> [Phillips'] Application for Hearing informed the employer of all particulars necessary to formulate their defenses. [Phillips] did complete the section regarding a change in condition, stating "right knee locked up - had arthroscopic surgery." This only informs the employer in somewhat more detail as to the nature of the injury. The employer was not misled in any way by this section being completed, and in fact, was more fully informed as to the nature of the claim being made.

Because the application for hearing filed on March 8, 1991, adequately apprised employer of the nature of the injury suffered on April 18, 1989 and employer has shown no prejudice, we find no error in the commission's determination that the application based upon a new injury was timely filed under Code § 65.2-601. *See Trammel Crow Co. v. Redmond*, 12 Va. App. 610, 613-14, 405 S.E.2d 632, 634 (1991).

Employer next contends that the commission abused its discretion in striking its defenses because employer fully complied with the commission's order.[2] Alternatively, employer argues that if it violated the

---

[2] The deputy commissioner properly refused to strike employer's statute of limitations defense because the requirement that a claim be filed within two years of the accident is jurisdictional. *See Bartholow Drywall Co. v. Hill*, 12 Va. App. 790, 793, 407 S.E.2d 1, 2 (1991).

terms of the commission's order, the striking of its defenses for such noncompliance constituted an abuse of discretion because the customary penalty is a monetary sanction, there was no showing of willfulness, and Phillips has failed to demonstrate any prejudice. In response, Phillips claims that the commission properly struck employer's defenses pursuant to its authority to enforce its lawful orders.

We disagree with employer's initial contention that it *fully* complied with the commission's order. The commission's order contained a two-part directive. First, employer was ordered "to file responses with the commission . . . by June 18, 1991." Second, the order directed employer "to send a copy to [Phillips] by June 18, 1991."

With regard to the first part of the order, the commission found that the answers to interrogatories "were not 'filed' with the commission within the time limit set by the Deputy Commissioner, as required by . . . § 65.2-101." Code § 65.2-101 defines the term "filed" for purposes of the Workers' Compensation Act (Act):

> "Filed" means hand delivered to the Commission's office in Richmond or any regional office maintained by the Commission; sent by telegraph, electronic mail or facsimile transmission; or posted at any post office of the United States Postal Service by certified or registered mail. Filing by first-class mail, telegraph, electronic mail or facsimile transmission shall be deemed completed only when the application actually reaches a Commission office.

Here, employer sent the answers to interrogatories to the commission by first class mail on June 18, 1991, and the answers were received in the commission's Lebanon Regional Office on June 19, 1991. Thus, employer failed to comply with the requirements for timely filing under Code § 65.2-101.

Employer, however, contends that the definition of "filed" under Code § 65.2-101 only applies to the filing of applications and, therefore, is inapplicable to filing answers to interrogatories. We find that the commission was entitled to rely on that definition of "filed" and, furthermore, that its reliance was reasonable. Employer cites no authority for the proposition that this definition is limited to the filing of applications, and we find no basis for such a limitation. Although Code § 65.2-101 mentions the filing of an application, it defines the term "filed" as that term is used in the Act. Moreover, we are mindful that "the Commission's construction of the Act is entitled to great

weight on appeal." *City of Waynesboro v. Harter*, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). Because the statutory definition of filing set forth in Code § 65.2-101 applies to the entire Act, we find that the commission reasonably construed that term to apply to the filing of answers to interrogatories in this case.

Furthermore, we do not believe that employer or the commission understood the terms of the order to mean that the materials were to be provided after the hearing. Therefore, employer failed to comply with the terms of the deputy commissioner's order regarding the filing of the answers to interrogatories with the commission.

We cannot say, however, that employer violated the express terms of the second part of the discovery order requiring employer "to send a copy to [Phillips] by June 18, 1991." The plain meaning of the term "send" "means to deposit in the mail or deliver for transmission." *Black's Law Dictionary* 1361 (6th ed. 1990). The record shows that employer did, in fact, "send" a copy of the answers to Phillips by June 18, 1991. The order did not direct employer to ensure that Phillips *received* a copy of the answers by June 18, 1991; rather, the employer was required to *send* a copy of the answers "by June 18, 1991."

Although employer sent the materials to Phillips on June 18, 1991, and, thus, complied with the express terms of the commission's order, we do not believe that employer understood, or that the commission assumed, that the answers were to be provided to Phillips after the hearing. As the commission stated, "[t]he purpose of ordering that the interrogatories be answered was to apprise [Phillips'] counsel of the defenses which the employer would raise in order that he could prepare his case." However, the express terms of the order did not ensure that Phillips would be apprised of employer's defenses before the hearing. By ordering that the materials be "sent" to Phillips one day before the hearing, the commission failed to ensure that Phillips would actually receive the materials before the hearing, when they would be helpful. Thus, the obvious purpose of the order, which was to ensure that Phillips was aware of the grounds of defense employer would raise so that he could adequately prepare for the hearing, was not carried out by the terms of the order.

Notwithstanding the drafting deficiencies of the discovery order, we find that employer did not comply with the terms of the order insofar

as it failed to "file" the answers to interrogatories with the commission by June 18, 1991. The deficiencies of the order do not excuse employer's failure to file timely the materials with the commission. Therefore, having found that employer violated the terms of the commission's discovery order, we must next determine whether the commission abused its discretion in striking employer's defenses for such noncompliance.

 "[T]he Commission, as a quasi-judicial body within the area of its jurisdiction, has the power of contempt over those in disobedience of its lawful orders." *Hudock v. Industrial Commission*, 1 Va. App. 474, 481, 340 S.E.2d 168, 172 (1986); *see also* Code § 65.2-202(A). We have held that the commission's power of contempt "is a concomitant of judicial power, necessary to the proper and effective discharge of its duties." *Hudock*, 1 Va. App. at 481, 340 S.E.2d at 172. " "Without the authority to cite and punish for contempt of its decrees and orders the Commission would be virtually powerless to enforce them.' " *Id.* at 481, 340 S.E.2d at 172-73 (quoting *Segrella v. Workmen's Compensation Commission*, 91 R.I. 282, 287, 162 A.2d 810, 813 (1960)). The decision to hold a party in contempt or punish for disobedience of an order is a matter committed to the commission's discretion. *See Hudock*, 1 Va. App. at 482, 340 S.E.2d at 173; *Wells v. Wells*, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991) (whether or not to find a party in contempt is a matter left to the discretion of the trial court).

Although conceding that the commission has the authority to punish for disobedience of its orders, employer contends that the commission lacked authority to impose the particular sanction at issue here - striking of defenses. Specifically, employer claims that the commission's customary method for enforcing its orders is the imposition of monetary sanctions. Thus, employer challenges the nature of the sanction imposed.

The commission's express authority to punish for disobedience of its orders is limited by statute to the authority vested in courts and judges by Code § 18.2-456 or §§ 19.2-339 *et seq.* to punish for such disobedience. Code § 65.2-202(A). These provisions, however, are silent as to the nature of the sanction that may be imposed.[3] Therefore,

[3] The commission has the statutory authority, as limited by Code § 18.2-456 and Code §§ 19.2-339 *et seq.*, to exercise its contempt powers in order to enforce its orders. Code § 18.2-456 lists the instances in which courts and judges may punish summarily for contempt, but that

in order to determine the type of sanction that the commission, as a quasi-judicial body, is authorized to impose, we look to the authority vested in the courts and judges to punish for disobedience of their orders.

■ Rule 4:12 governs the imposition of sanctions for "[f]ailure to [m]ake [d]iscovery." This rule permits circuit courts to strike a party's claims or defenses for failure to comply with a discovery order. Rule 4:12(b)(2)(B). Moreover, Rule 4:12(d) expressly authorizes the court to strike a party's claims or defenses for failure to timely serve answers to interrogatories. This rule "gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery." *Woodbury v. Courtney*, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990).

■ We hold that the commission has the same authority as a court to punish for noncompliance with its discovery orders. The General Assembly intended the commission to "have jurisdiction to do 'full and complete justice' in each case." *Hudock*, 1 Va. App. at 480, 340 S.E.2d at 172 (quoting *Harris v. Diamond Construction Co.*, 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946)). Accordingly, the legislature " 'granted to the Commission the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition and mistake.' " *Id.* at 480-81, 340 S.E.2d at 172 (quoting *Harris*, 184 Va. at 720, 36 S.E.2d at 577). "In addition to its statutorily granted powers, the commission also has incidental powers which are reasonably implied as a necessary incident to its expressly granted powers for accomplishing the purposes of the Workers' Compensation Act." *Bader v. Norfolk Redev. & Hous. Auth.*, 10 Va. App. 697, 702, 396 S.E.2d 141, 144 (1990).

The commission, in order to do full and complete justice in each case, must be able to protect itself and parties from discovery abuse. The commission, as a quasi-judicial body, must have at its disposal the same tools the courts have for punishing and curbing discovery abuse. Accordingly, we conclude that the commission has the inherent authority to strike a party's defenses for failure to comply with a discovery order.

provision does not specify what type of punishment may be imposed when a party is held in contempt of court. Likewise, Code §§ 19.2-339 *et seq.*, which concern the "Recovery of Fines and Penalties," do not specifically address the type of sanction that the commission may impose in the exercise of its power to punish for disobedience of its orders.

We find no abuse of discretion in the deputy commissioner's decision to exercise his power to punish for violation of this discovery order. However, we find that on the facts of this case the deputy commissioner fashioned a sanction which conferred a benefit upon Phillips that was not warranted by the violation of the discovery order. The commission, upon affirming the deputy commissioner's actions, permitted this abuse of discretion to stand. Based on the record before us, there has been no showing that the failure to receive the answers to interrogatories on June 18, 1991, prejudiced Phillips. Moreover, although we believe the commission intended that Phillips receive the materials before the hearing so that they would be of meaningful assistance to him in preparing the case for hearing, this failure was the result of the deficiencies of the order and not any wrongdoing by employer. Rewarding Phillips for employer's violation of this discovery order under such circumstances was improper and constituted an abuse of discretion.

In holding that the commission has the authority to strike a party's defenses, we stress that the imposition of this sanction does not remove the claimant's burden of proving a compensable injury. The purpose of the sanction is to enforce the commission's orders, not to alter the claimant's burden of proof. Thus, even though the deputy commissioner struck employer's defenses, Phillips still had the burden to prove an injury by accident arising out of and in the course of his employment.[4] *See Classic Floors, Inc. v. Guy*, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).

---

[4] At the hearing, the deputy commissioner limited employer's cross-examination of Phillips to the issue of the statute of limitations. In so doing, the deputy commissioner apparently believed that employer was not permitted to cross-examine Phillips with regard to any subject related to the compensability of the claim.

*Counsel for Claimant:*
You have no defenses, [counsel for employer], except the statute of limitations.

*Counsel for Employer:*
Well still, even if I have no defenses, if you don't establish your case you lose.

*Deputy Commissioner Burchett:*
Well, he don't have to establish if you don't have any defense.

*Counsel for Employer:*
Well, [claimant] still has the initial burden of proof, your Honor.

*Deputy Commissioner Burchett:*
He has to do nothing. He's put on his case, and his testimony is uncontradicted at this point.

In sum, we hold that Phillips timely filed a claim for benefits. We further hold that although the commission had the inherent authority to strike employer's defenses for failure to comply with the terms of the discovery order, the imposition of such a sanction on this record was an abuse of discretion. Consequently, we reverse and remand to permit employer to test Phillips' claim on the issue whether the disability is attributable to the injury on April 18, 1989. In so doing, we note that the statute of limitations is no longer an issue because Phillips timely filed an application based upon a new injury on April 18, 1989. Additionally, we direct the commission to consider imposing some other appropriate sanction for the violation of its discovery order.

*Affirmed in part,*
*reversed in part and remanded.*

Moon, J., and Bray, J., concurred.

---

To the extent that such a ruling limiting employer's cross-examination deprived employer of the opportunity to challenge Phillips' testimony as it related to establishing a compensable injury, it was error. Phillips was required to prove an injury by accident by a preponderance of the evidence, and the fact that employer's defenses were struck in no way altered Phillips' burden of proof. Even when an employer's defenses are struck, the employer is still entitled to cross-examine the claimant in order to show that claimant has not met his burden of proof. To hold otherwise would effectively eliminate employer's participation in the hearing.