COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Richmond, Virginia


IVORY JOHNSON MARTIN

v.   Record No. 0634-95-2          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
C & J CLARK AMERICA, INC., ET AL.      DECEMBER 29, 1995

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Robert L. Flax (Flax, Embrey & Stout, on
         brief), for appellant.

         Daniel E. Lynch (Williams & Pierce, on
         brief), for appellees.


     Ivory Johnson Martin appeals from the decision of the
Workers' Compensation Commission dismissing his claim with
prejudice.  We find that the record does not show that the
commission abused its discretion, and we therefore affirm.

     The claimant sustained a compensable injury by accident on
August 16, 1990.  He received an award for disability benefits
from the full commission on February 16, 1993.

     On May 3, 1993, claimant filed an application for a change
of physicians, payment of medical expenses, and a cost of living
adjustment.  Claimant failed to appear at the hearing on that
application, and his claim was dismissed without prejudice on
January 13, 1994.  He refiled the claim on January 19, 1994, and
a hearing was scheduled for April 19, 1994.  At the claimant's
request, the hearing was continued, and rescheduled for September

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

20, 1994.

Until this point, the claimant had prosecuted his claim pro se. He retained counsel prior to the rescheduled hearing. On September 13, 1994, counsel requested a continuance so that he could prepare for the hearing and submit interrogatories. On September 15, Commissioner Joyner denied the continuance on the ground that the case had been pending on the docket for over eight months.

On September 19, counsel for claimant sent a letter to the commission office asking that the application for a hearing be withdrawn and that the hearing be canceled. Commissioner Joyner's office by telephone informed all counsel that if the claim was not withdrawn and the claimant failed to appear at the hearing, the claim would be dismissed with prejudice. On September 20, counsel for claimant claims to have sent two letters to the commission office. The letters indicate that they were sent by both mail and fax. One states that the claim was being withdrawn; the other indicates that the "application" was being withdrawn. The letter withdrawing the claim does not indicate the time it was faxed or that it was received by the commission. The hearing was scheduled to begin at 2:00 p.m. in Danville, Virginia. The commission has no record of receiving the fax. The parties agree that prior to the hearing, counsel for the claimant informed employer's counsel by telephone that the claim had been withdrawn. Employer's counsel states that he contacted Commissioner Joyner's office and was informed that the

claim had not yet been withdrawn.  He therefore appeared at the hearing, and Commissioner Joyner dismissed the claim with prejudice.  The full commission ruled that the claim was properly dismissed for "abusing the hearing process."

The commission has the same authority as a court to punish for noncompliance with its orders.  See Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993) (discovery orders); Code § 65.2-202.  In addition to its statutory authority to impose sanctions, the commission's rules authorize the commission to impose certain sanctions, including dismissal of a claim or application.  See Rule 1.12, Rules of the Virginia Workers' Compensation Commission.  The commission has the authority to adopt rules to carry out the provisions of the Workers' Compensation Act.  Code § 65.2-201(A).

Therefore, the commission has the authority to impose the sanction of dismissal in appropriate cases.  The decision to sanction a party for disobedience to an order is committed to the commission's discretion.  Jeff Coal, 16 Va. App. at 277, 430 S.E.2d at 716.  On this record we cannot find that the commission abused its discretion.

                                        Affirmed.

- 3 -