COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


ASSOCIATED BUILDING
 CONTRACTORS, INC., ET AL.
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0978-96-2       JUDGE LARRY G. ELDER
                                          NOVEMBER 26, 1996
ROY FRANK BLAIR


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Joy C. Fuhr (Stephen D. Busch; McGuire,
             Woods, Battle & Boothe, L.L.P., on brief),
             for appellants.

             No brief or argument for appellee.


        Associated Building Contractors, Inc. and Commonwealth

Contractors, GSIA (appellants) appeal the order of the Virginia

Workers' Compensation Commission (commission) dismissing Roy

Frank Blair's (appellee) claim for benefits without prejudice.

For the reasons that follow, we affirm.

                              I.

                            FACTS

        On September 21, 1995, appellee filed a claim against

Associated Building Contractors, Inc. (Associated) for temporary

total disability benefits.  In October, appellants requested

appellee to produce his tax returns for the past three years.  In

December, appellee's counsel responded that appellee could not

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

produce his tax returns because they were lost.

Appellants then requested appellee to sign a release form authorizing the IRS to release his tax returns and to sit for a deposition. In response, appellee's counsel informed appellants' counsel that appellee had moved to Chicago due to financial hardship and suggested that the deposition be conducted by telephone rather than in person to avoid further unnecessary hardship to appellee.

In January, 1996, at the request of appellants' counsel, the commission entered two discovery orders requiring appellee to provide his federal tax returns either directly or by authorizing their release and to submit to a deposition in person inside the Commonwealth. Appellee's counsel was unable to communicate the existence of either order to appellee because appellee's counsel did not know his new residence in Chicago.

Pursuant to the orders of the commission, appellants sent to appellee's counsel a release form regarding his tax returns and served appellee's counsel with a notice of appellee's deposition that was scheduled this time for February 19. Appellee's counsel was still unable to contact appellee to inform him of either the release form or the deposition. On February 16, appellee's counsel advised appellants' counsel that he was uncertain if appellee would appear for his deposition because appellee's whereabouts were unknown to him and appellee had been out of contact with him "for some time."

On February 19, appellee failed to appear at the scheduled deposition and had still failed to endorse the form authorizing the release of his federal taxes.  On February 20, appellants moved the deputy commissioner to dismiss appellee's claim with prejudice pursuant to commission Rule 1.8(K) as a sanction for failing to comply with the commission's discovery orders.  In response, appellee's counsel requested that appellee's claim be dismissed without prejudice because he had not communicated with appellee regarding either of the commission's discovery orders.  On February 27, the deputy commissioner ordered appellee's claim dismissed with prejudice.  Appellee's counsel appealed the deputy's decision, and the full Commission modified the order of dismissal so that appellee's claim was dismissed without prejudice.

II.

DISMISSAL OF APPELLEE'S CLAIM WITHOUT PREJUDICE

Appellants argue that the commission abused its discretion when it modified the deputy's order of dismissal so that appellee's claim was dismissed without prejudice instead of with prejudice.  We disagree.

The commission has the same authority as a court to punish for noncompliance with its discovery orders. Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993). Under commission Rule 1.12, the commission may impose certain sanctions for discovery violations, including dismissal of a

-3-

claim or application. Rules of the Virginia Workers' Compensation Commission, 16 V.A.C. § 30-50-20 (1996). As do trial courts under Rule 4:12(b), the commission has "broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery." Rappold v. Indiana Lumbermens Mutual Ins. Co., 246 Va. 10, 14-15, 431 S.E.2d 302, 305 (1993) (quoting Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990)); see Jeff Coal, 16 Va. App. at 278-79, 430 S.E.2d at 717 (holding that commission has same discretion as a trial court to strike a party's defenses under Rule 4:12). Thus, the commission's decision whether or not to dismiss a claim as a sanction for noncompliance with its discovery rules and orders will only be reversed for an abuse of discretion.

In this case, we hold that the commission did not abuse its discretion in modifying the order of the deputy so that appellee's claim was dismissed without prejudice. "Dismissal of an action with prejudice is a drastic punishment and should not be invoked except in those cases where the conduct of the party shows deliberate and contumacious disregard of the [commission]'s authority." Swindle v. Reid, 242 So.2d 751, 753 (Fla. Dist. Ct. App. 1971); accord 23 Am. Jur. 2d Depositions and Discovery § 385 (1983). In this case, the record indicated that appellee's counsel was unable to communicate the existence of either of the commission's discovery orders to appellee and was unable to

-4-

determine appellee's current residence at the time of appellants' motion to dismiss.  Nothing in the record shows that appellee's failure to sign the release form and to attend his deposition was either contumacious or deliberate.   The commission was not unreasonable to conclude that appellee's noncompliance with its discovery orders may have been due to his unawareness "of the activity in regard to his workers' compensation claim."  Thus, the commission did not abuse its discretion in modifying the deputy's order to dismiss appellee's claim without prejudice.

In light of the foregoing reasons, we affirm the order of the commission.

<u>Affirmed</u>.