COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

KATHRYN E. SHURON

v.   Record No. 1237-98-4

ARA FOOD SERVICE AND RELIANCE
 NATIONAL INDEMNITY COMPANY

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 27, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Kathryn E. Shuron, pro se, on brief).

No brief for appellees.


Kathryn E. Shuron ("claimant") contends that the Workers' Compensation Commission ("commission") erred in (1) dismissing without prejudice her claim for benefits filed on November 17, 1995 (VWC File No. 177-74-90) and her claim for benefits filed on February 26, 1996 (VWC File No. 168-88-58); (2) finding that the January 3, 1997 re-filing of her application alleging a change-in-condition, occurring on May 11, 1994 and/or February 19, 1995, was barred by the statute of limitations contained in Code § 65.2-708(A) (VWC File No. 168-88-58); and (3) finding that the January 3, 1997 re-filing of her application alleging an injury by accident on May 11, 1994 was barred by the statute of limitations contained in Code § 65.2-601 (VWC File No. 177-74-90).  Claimant also requests that this Court appoint Dr. James J. Coyle as her authorized treating physician.  Upon

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

reviewing claimant's brief and the record, we find that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## Background

On March 12, 1994, claimant sustained a lower back injury arising out of and in the course of her employment with ARA Food Service ("ARA"). ARA accepted the March 12, 1994 accident as compensable, agreements were executed, and ARA paid compensation to claimant for various time periods.

On November 17, 1995, claimant filed a claim alleging an injury by accident arising out of and in the course of her employment on May 11, 1994. (VWC File No. 177-74-90). On February 26, 1996, claimant filed a claim for benefits alleging an injury by accident arising out of and in the course of her employment with ARA on February 19, 1995 (VWC File No. 180-43-83) and a "restrain" of her March 12, 1994 and May 11, 1994 injuries. (VWC File No. 168-88-58).

The commission scheduled a hearing to take place on December 19, 1996 on all three claims. However, because claimant failed to file responses to ARA's discovery requests after the commission ordered her to do so, the deputy commissioner dismissed the claims in VWC File Nos. 168-88-58 and 180-43-83 without prejudice and the claim in VWC File No. 177-74-90 with prejudice. Claimant appealed that decision to the full commission. On January 31, 1997, the full commission affirmed

the deputy commissioner's dismissals without prejudice in VWC File Nos. 168-88-58 and 180-43-83 and reversed the dismissal in VWC File No. 177-74-90 from <u>with</u> prejudice to <u>without</u> prejudice. The full commission also concluded that claimant's January 3, 1997 review request would be considered a re-filing of all three claims and referred all three claims to the evidentiary hearing docket.

After a hearing on all three claims on June 11, 1997, the deputy commissioner ruled that the claims alleged in VWC File Nos. 168-88-58 and 177-74-90 were barred by the applicable statute of limitations. With respect to VWC File No. 180-43-83, the deputy commissioner found that claimant proved she sustained an injury by accident arising out of and in the course of her employment on February 19, 1995. The deputy commissioner awarded medical expenses to claimant, but held that she failed to prove she was entitled to an award for disability. In an April 28, 1998 opinion, the full commission affirmed the deputy commissioner's findings.[1] Claimant appeals from that decision.

### Dismissal of Claims Without Prejudice[2]

[1] Claimant did not appeal the commission's findings with respect to VWC File No. 180-43-83. Accordingly, we will not address those findings on appeal.

[2] In its April 28, 1998 opinion, the full commission did not consider this issue, citing claimant's failure to appeal the commission's January 31, 1997 decision dismissing her claims without prejudice. We find that because the January 31, 1997 decision referred the re-filed claims to the evidentiary hearing docket, it did not constitute a final appealable order. Accordingly, we will consider this issue on appeal.

In its January 31, 1997 review opinion, the commission found as follows:

> The employer propounded interrogatories on November 11, 1996, prior to a hearing scheduled for December 19, 1996. After the employee did not respond to the interrogatories, counsel for the employer requested on December 4, 1996, that the Commission dismiss the claims. The deputy commissioner declined to dismiss the claimant's claims because the employer had filed no motion to compel responses in a timely manner. The deputy commissioner also declined to continue the hearing because the employer had had sufficient time to commence discovery after the deputy commissioner continued a September 19, 1996, hearing at the employer's request. In his December 5, 1996, letter the deputy commissioner directed the claimant to respond to the employer's interrogatories by December 13, 1996, or face possible sanctions. The employee did not respond.
>
> In her petition for review, the employee states that she did not receive the interrogatories from the employer in November but states that she received both the interrogatories and the deputy commissioner's letter on December 9, 1996. The employee admits that she did not respond to the discovery devices, citing medical and child care problems.

Based upon those findings, the commission concluded that "both sides have engaged in dilatory behavior which has slowed the progress of the litigation." Consequently, the commission affirmed the deputy commissioner's dismissal of VWC File Nos. 168-88-58 and 180-43-83 without prejudice and reversed the deputy commissioner's dismissal of VWC File No. 177-74-90 from with prejudice to without prejudice.

"[T]he commission has the same authority as a court to

punish for noncompliance with its discovery orders."  Jeff Coal,
Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717
(1993).  See also Code § 65.2-202.  In addition to its statutory
authority to impose sanctions, the commission's rules authorize
the commission to impose certain sanctions, including dismissal
of a claim or application.  See Rule 1.12, Rules of the Virginia
Workers' Compensation Commission.  The commission has the
authority to adopt rules to carry out the provisions of the
Workers' Compensation Act.  See Code § 65.2-201(A).

Thus, the commission has the authority to impose the
sanction of dismissal in appropriate cases.  The decision to
sanction a party for disobedience to an order is committed to the
commission's discretion.  See Jeff Coal, 16 Va. App. at 277, 430
S.E.2d at 716.  Based upon this record, we cannot find that the
commission abused its discretion.

### VWC File No. 168-88-58

Code § 65.2-708(A) provides that "[n]o such review [of an
award on the ground of change in condition] shall be made after
twenty-four months from the last day for which compensation was
paid, pursuant to an award under this title . . . ."  This
section required that claimant's application alleging a change in
condition be filed within twenty-four months from October 16,
1994, the last day for which compensation was paid pursuant to an
award.  Pursuant to the commission's January 31, 1997 decision,
claimant's application was not considered filed until January 3,

1997, more than twenty-four months after October 16, 1994. Accordingly, the commission did not err in finding that it lacked jurisdiction to consider claimant's claim alleging a

change-in-condition because it was time-barred pursuant to Code § 65.2-708(A).

Code § 65.2-601 provides that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Claimant's re-filed January 3, 1997 application alleging a May 11, 1994 industrial accident was filed more than two years after the date of the alleged accident. Accordingly, the commission did not err in dismissing the claim on the ground that it was not timely filed as required by Code § 65.2-601.

The commission also found that there was "no equitable basis to toll the two-year statute of limitations" pursuant to Code § 65.2-602. We agree.

The evidence proved that employer filed an Employer's First Report of Accident with respect to claimant's May 11, 1994 accident on November 17, 1995. At that time, approximately six months before the limitations period would expire, the commission mailed to claimant a pamphlet outlining her rights and responsibilities under the Workers' Compensation Act. In addition, the commission had previously mailed that same pamphlet to claimant on May 10, 1994, with respect to her March 12, 1994 accident. Claimant admitted that she consulted an attorney, who informed her in an August 1, 1995 letter of the two-year limitations period and the importance of filing a timely claim.

In fact, claimant initially filed a timely claim on November 17, 1995, which was dismissed without prejudice.

Based upon this record, we cannot find that claimant's evidence proved that employer's conduct prejudiced her rights with respect to filing a timely claim as required to invoke the tolling provision contained in Code § 65.2-602.

## Treating Physician

Claimant did not raise this issue before the commission. Accordingly, we will not consider it for the first time on appeal. See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

For these reasons, we affirm the commission's decision.

Affirmed.