COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CHARLES WINGATE

                                        MEMORANDUM OPINION*
v.    Record No. 2569-98-4                  PER CURIAM
                                         OCTOBER 5, 1999

ASSETT PROTECTION TEAM, INC. AND
 INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Charles R. Wingate, pro se, on briefs).

            (Lisa A. Cay; Barbara T. Jones; Siciliano,
            Ellis, Dyer & Boccarosse, on brief), for
            appellees.


     The Workers' Compensation Commission dismissed Charles

Wingate's claim for benefits without prejudice because of his

failure to comply with a discovery order.  This was the sole

issue before the commission when it rendered its decision.

Although Wingate discusses the merits of his claim in his

briefs, we address, as the issue on appeal, the correctness of

the commission's ruling.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the record establishes that on June 1, 1998, Wingate filed a claim for benefits alleging, alternatively, either an accidental injury or the communication of an occupational disease on March 16, 1998. In a July 1, 1998 letter to Wingate, employer's attorney notified him of her intent to take his discovery deposition. In the letter, employer's attorney requested that Wingate contact her office within seven days to arrange a mutually convenient date and time.

In a letter filed with the commission on July 6, 1998, Wingate stated that, "I must refuse any communication and or deposition unless required by Virginia law," and that, "My resources make it almost impossible to come to Virginia." In response, the employer filed a letter with the commission on July 8, 1998, requesting that the commission order Wingate to comply with her request to arrange his discovery deposition.

In a letter order dated July 13, 1998, the deputy commissioner ordered Wingate "to submit to the telephonic deposition within (14) fourteen days" and informed him that "[f]ailure to do so will result in dismissal of your claim." The matter was scheduled for hearing on September 11, 1998.

In a letter, filed with the commission on July 27, 1998, employer's attorney moved for dismissal of Wingate's claim on

the ground that Wingate had refused to submit to the telephonic deposition. Wingate responded by filing with the commission on July 29, 1998, a copy of a letter he wrote to employer's attorney. In that letter, Wingate stated that he did not have the means to hire an attorney and that, even if he hired an attorney, a telephonic deposition would not allow "fair and just representation." Wingate also invoked the protections of the civil rights provisions of the United States Constitution, the Civil Rights Act of 1964, and the Americans with Disabilities Act.

On July 29, 1998, the deputy commissioner entered an order dismissing the pending claim without prejudice due to Wingate's failure to submit to the deposition in a timely manner. On review, the full commission affirmed the deputy commissioner's decision.

The commission has the authority to adopt rules to carry out the provisions of the Workers' Compensation Act. See Code § 65.2-201(A). Rule 1.8(G) of the Rules of the Virginia Workers' Compensation Commission allows a party to take the deposition testimony of any person, including another party, after a claim or application has been filed. "The commission has the same authority as a court to punish for noncompliance with its discovery orders." Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993). See also Code § 65.2-202. In addition to its statutory authority to impose

sanctions, the commission's rules authorize the commission to impose certain sanctions, including dismissal of a claim or application.  See Rule 1.12, Rules of the Virginia Workers' Compensation Commission.

Thus, the commission has the authority to impose the sanction of dismissal in appropriate cases.  The decision to sanction a party for disobedience to an order is committed to the commission's discretion.  See Jeff Coal, 16 Va. App. at 277, 430 S.E.2d at 716.  Based upon this record, we cannot find that the commission abused its discretion in dismissing Wingate's claim without prejudice.

For these reasons, we affirm the commission's decision.

Affirmed.