COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RONALD W. CRAFT
                                       MEMORANDUM OPINION*
v.    Record No. 1517-99-2                PER CURIAM
                                        DECEMBER 7, 1999
COMMERCIAL COURIER EXPRESS, INC.
AND
MICHIGAN MUTUAL INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (T. Bryan Byrne, on briefs), for appellant.

            (S. Vernon Priddy III; Sands, Anderson,
            Marks & Miller, on brief), for appellees.


     Ronald W. Craft contends that the Workers' Compensation

Commission erred in dismissing his pending claims without

prejudice due to his failure to comply with a discovery order.

Although Craft presented seven separate questions in his brief,

we address those questions together because they all relate to

the sole issue on appeal as stated above.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.[1]

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] On September 23, 1999, Craft filed in this Court
Objections and a Motion to Quash interrogatories propounded to
him by employer on September 20, 1999 before the commission.  On

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the record established that on July 11, 1994, Craft sustained work-related left leg and right arm injuries, which Commercial Courier Express, Inc. and its insurer (hereinafter referred to as "employer") accepted as compensable. The commission entered an award for medical benefits and for disability commencing July 19, 1994, based upon the parties' Memorandum of Agreement. On October 11, 1994, the commission terminated Craft's benefits based upon an Agreed Statement of Facts filed by the parties, reflecting that Craft had returned to work on October 12, 1994.

On January 29, 1996, Craft filed the first of numerous claims. The January 29, 1996 claim sought permanent partial disability benefits for an 85% impairment rating to Craft's left leg. After the commission continued the hearing date a number of times, a dispute arose between the parties regarding Craft's refusal to submit to a medical examination by Dr. Kim R. Sellergren. On March 27, 1997, the deputy commissioner ordered

appeal, this Court does not have jurisdiction over disputes related to discovery issues with respect to ongoing claims before the commission which are not before this Court on appeal. Rather, the commission is the proper forum to dispose of the issue raised by claimant. Accordingly, we will not address Craft's Objections and Motion to Quash.

Craft to submit to an examination by Dr. Sellergren, at the physician's convenience, and no later than April 16, 1997, or as soon as Dr. Sellergren's schedule would permit. The commission continued an April 7, 1997 hearing at the request of Craft's counsel due to a conflict on that date. On April 8, 1997, Craft filed a request for review of the deputy commissioner's order requiring him to submit to an examination by Dr. Sellergren, along with several other issues. Employer moved to dismiss Craft's claims. The commission declined to review the issue regarding the medical examination, finding that it was a procedural matter and, thus, interlocutory and not ripe for review. Therefore, the commission remanded the case to the evidentiary hearing docket.

The commission scheduled a hearing for July 11, 1997, which the deputy commissioner cancelled on July 8, 1997. On July 15, 1997, the deputy commissioner ordered Craft, by counsel, to file a memorandum by July 28, 1997, to show cause why his pending claims should not be dismissed for failing to attend the examination. After the deputy commissioner reviewed Craft's memorandum, he granted Craft an additional fourteen days within which to set a date for the examination. In his July 30, 1997 order, the deputy commissioner warned Craft that "all claims deriving from the July 11, 1994, industrial accident shall be DISMISSED WITH PREJUDICE should Dr. Sellergren's examination not proceed for reasons attributed to [Craft]."

Craft submitted to the examination, although a dispute arose over payment of Dr. Sellergren's fee. A hearing convened on November 21, 1997 on Craft's claims, but it was adjourned before any testimony was taken. The commission reset the hearing for February 5, 1998. Before the February 5, 1998 hearing, employer sought to take Craft's discovery deposition. On January 23, 1998, employer sent Craft a notice of a January 30, 1998 deposition. Craft's counsel informed employer on January 26, 1998 that Craft refused to attend the deposition, claiming that he was out of town.

The commission rescheduled the February 5, 1998 hearing due to Craft's unavailability. Employer again sought to depose Craft before the rescheduled hearing and on March 26, 1998, sent a deposition notice to Craft's counsel. The notice reflected a deposition date of April 1, 1998. However, as the commission correctly found, the parties' correspondence and pleadings made it abundantly clear that Craft was well aware that the actual date for the deposition was April 10, 1998.

On April 1, 1998, Craft's counsel moved to quash the deposition notice on the grounds that Craft had painful knees, did not have reliable transportation, and had not yet been reimbursed by employer for his travel expenses to Dr. Sellergren's examination. Craft's counsel also moved to transfer venue of the case from Richmond to the Norfolk Regional Office of the commission. In an April 7, 1998 order, the deputy

commissioner ordered Craft to appear for his deposition on April 10, 1998. The order warned Craft that if he failed to appear for the deposition, the commission would dismiss all of his pending claims. On April 8, 1998, Craft filed a motion to reconsider and requested a review of the deputy commissioner's April 7, 1998 order. On April 10, 1998 the Chief Deputy Commissioner sent a letter to Craft's counsel via telefax in which she declined to reconsider the issue on review.

Craft failed to appear for the April 10, 1998 deposition. On that date, employer moved the commission to dismiss Craft's pending claims. On April 11, 1998, Craft responded and stated that he wished to be deposed by telephone or in Chesapeake. He also requested a change in venue and moved to strike employer's defenses.

On April 13, 1998, the deputy commissioner dismissed Craft's pending claims with prejudice, finding that he had presented no viable basis why he did not appear for his deposition on April 10, 1998 as ordered and that he was fully apprised of the consequences for failing to do so. The deputy commissioner also found that the motion for change of venue was untimely and without merit. Craft sought review before the full commission.

On October 2, 1998, the full commission vacated the deputy commissioner's April 13, 1998 order and remanded the case to afford Craft the opportunity to respond to employer's motion to

dismiss. Craft filed a response setting forth the reasons that he failed to attend the April 10, 1998 deposition. He alleged that (1) he failed to receive timely notice of the deposition; (2) he had health and transportation difficulties; (3) employer did not pursue an option offered by Craft's counsel at the April 10, 1998 deposition to depose Craft by telephone; and (4) his painful knees, the side effects of medication, and his lack of finances and reliable transportation prevented him from attending the deposition.

The deputy commissioner rejected Craft's contentions and ruled that his excuse of lack of timely notice was without merit, noting that he filed a motion to quash on April 1, 1998, nine days before the scheduled deposition and he did not allege defective notice. Under the circumstances of these proceedings, the deputy commissioner found that dismissal of Craft's pending claims was the appropriate sanction. On December 8, 1998, the deputy commissioner entered an order dismissing Craft's claims with prejudice. On review, the full commission affirmed the dismissal and modified the deputy commissioner's order by making the dismissal without prejudice. In so ruling, the full commission concluded as follows:

> [W]e agree with the Deputy Commissioner that [Craft] through his conduct in this case has ignored the lawful orders of the Commission, as properly exercised through the Deputy Commissioner, and thereby unnecessarily obstructed these proceedings. We are simply unpersuaded by [Craft's] purported inability

- 6 -

to travel, noting that he has on occasion missed scheduled appointments because he was, according to his counsel, out of town or out of state. The bare statement that Craft does not have "reliable transportation," without more, is similarly unpersuasive.

We find that [Craft] intentionally thwarted the deposition proceedings in order to gain an advantage, defying the specific warning of the Deputy Commissioner that this very dismissal sanction would be imposed. A claimant cannot simply ignore with impunity the lawful orders of a hearing officer, especially where the hearing officer warns that the claims would be dismissed for noncompliance.

The commission has the authority to adopt rules to carry out the provisions of the Workers' Compensation Act. See Code § 65.2-201(A). Rule 1.8(G) of the Rules of the Virginia Workers' Compensation Commission allows a party to take the deposition testimony of any person, including another party, after a claim or application has been filed. That rule provides that "[d]epositions shall be taken in accordance with the requirements and limitations of the Rules of the Supreme Court of Virginia . . . ." Rule 4:5(a1) of the Rules of the Supreme Court of Virginia, provides that "[d]epositions shall be taken in the county or city in which the suit is pending . . . ."

"The commission has the same authority as a court to punish for noncompliance with its discovery orders." Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993). See also Code § 65.2-202. In addition to its statutory

authority to impose sanctions, the commission's rules authorize the commission to impose certain sanctions, including dismissal of a claim or application.  See Rule 1.12, Rules of the Virginia Workers' Compensation Commission.

Thus, the commission has the authority to impose the sanction of dismissal in appropriate cases.  The decision to sanction a party for disobedience to an order is committed to the commission's discretion.  See Jeff Coal, 16 Va. App. at 277, 430 S.E.2d at 716.  The record clearly establishes that without justification, Craft failed to attend his April 10, 1998 deposition in Richmond as ordered by the commission.  The record belies Craft's contention that he was not given timely notice of the deposition or that the commission failed to timely and properly notify him of its intention to dismiss all of his claims if he failed to attend the April 10, 1998 deposition.

For these reasons, we affirm the commission's decision.

Affirmed.