230

## CIRCUIT COURT OF ISLE OF WIGHT COUNTY

J. Thomas Judkins, III

v.

Rebecca D. Clem Shorter

August 28, 2000

Case No. (Law) L99-18

BY JUDGE D. ARTHUR KELSEY

In this case, the plaintiff claims that the defendant rear-ended the plaintiff's automobile causing him personal injuries. The plaintiff seeks a recovery for pain and suffering, medical expenses, and a permanent physical impairment. The defendant concedes liability but disputes the reasonableness of the medical expenses and the existence of any medically verifiable permanent impairment. Two attorneys represent the defendant, one appointed by the primary liability insurer for the tortfeasor (Allstate Insurance Company) and the other appointed by the UM/UIM carrier for the plaintiff (State Farm Insurance Company).

The Court initially scheduled the trial of this case for March 17, 2000. *See* Scheduling Order ¶ 1, at 1 (August 13, 1999) (Bagnell, J.). The Scheduling Order made clear that "[a]ll discovery in this case shall be concluded no later than 20 days prior to the trial date." *Id.* ¶ 3, at 1 (original in bold and underscored). The Court later continued the case at the defendant's request and rescheduled the jury trial for August 11, 2000. *See* Scheduling Order (Feb. 7, 2000) (Bagnell, J.). The second Scheduling Order also emphasized that "[a]ll discovery in this case shall be concluded no later than 20 days prior to the trial date." *Id.* ¶ 3, at 1 (original also in bold print and underscored).

On the morning of trial, the UM/UIM carrier moved to compel discovery and to continue the case because Allstate Insurance Company — despite repeated promises to do so — failed to provide a copy of its insurance policy in response to a request for production served on May 12, 1999. The UM/UIM

carrier argued that, without seeing the primary insurance policy, the carrier could not determine the magnitude of the uninsured or underinsurance risk posed by the plaintiff's claims. The UM/UIM carrier and the plaintiff also sought recovery of subpoena costs and expert witness cancellation fees in the event the case was continued.

Allstate's counsel reported that he had forwarded the outstanding discovery request to his client, Allstate, and had followed up with regular reminders. The other parties in the case, Allstate's counsel admitted, understandably had been led to believe that the policy would be produced prior to trial. And the policy, all parties agreed, determines the UM/UIM carrier's exposure and thus necessarily affects whether the carrier assumes the lead defense during the trial or merely observes Allstate's defense from a distance.

When a litigant fails to respond to a discovery request, a court may enter "such orders in regard to the failure as are just," including — but not limited to — an order directing the nonresponsive party to pay all "reasonable expenses . . . caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Va. Sup. Ct. R. 4:12(d). Moreover, when a litigant ignores a court order to complete discovery, enhanced remedies may be imposed. *See* Va. Sup. Ct. R. 4:12(b)(2).

Given the sweep of Rule 4:12, a trial court has "broad discretion" to fashion an appropriate sanction. *Woodbury v. Courtney*, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990); *see also Rappold v. Indiana Lumbermens Mutual Ins. Co.*, 246 Va. 10, 431 S.E.2d 302 (1993); *Wampouille v. Barnett*, 2000 Va. App. LEXIS 171 (March 7, 2000) (unpublished); *Jeff Coal, Inc. v. Phillips*, 16 Va. App. 271, 430 S.E.2d 712 (1993). This discretion parallels the even greater inherent powers of the court to address sanctionable conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

Items of recovery usually include out-of-pocket costs (like subpoena fees and expert witness expenses), as well as attorney's fees. Juror attendance fees may also be assessed against a litigant who, either through recalcitrance or inexcusable neglect, interferes with the timely and efficient administration of justice. *See generally White v. Raymark Industries*, 783 F.2d 1175 (4th Cir. 1986) (assessing $2,000 in juror attendance fees against a litigant holding out until the morning of trial to settle); *Eash v. Riggins Trucking*, 757 F.2d 557 (3d Cir. 1985) (*en banc*) (costs to assemble jury venire may be assessed as a sanction under the court's inherent powers).

In this case, Allstate provided no explanation — much less a satisfactory or even a comprehensible one — for failing to provide its insurance policy to

the UM/UIM carrier prior to trial. On the morning of trial, the Court gave Allstate the opportunity to telefax the insurance policy to the Clerk's Office for delivery to the Courtroom. Allstate, however, was unable to provide the policy in this manner. Nor did Allstate dispute the legal significance of the policy and its material impact on the UM/UIM carrier's role at trial. Allstate's failure to produce the policy, therefore, falls far short of being "substantially justified" under Rule 4:12(b)(2)(E) or Rule 4:12(d). Equally certain, no circumstances in this case "make an award of expenses unjust." *Id.*

For these reasons, the Court grants the motion to compel and the motion for a continuance. The policy must be provided no later than five days from the date of this Order. The Court also orders Allstate to reimburse the UM/UIM carrier and the plaintiff for all costs associated with witness subpoenas and any expert witness cancellation fees. The reasonableness of this expense cannot be disputed given the Scheduling Order's directive to subpoena expert witnesses at least "two weeks of the date of [the scheduling] order, or within seven days of their identification, if such shall occur later than the date of this order." Scheduling Order ¶ 2, at 1 (Feb. 7, 2000).

In addition, this case must be reset and another jury venire assembled. As a result, Allstate shall be assessed $540 in attendance fees for the eighteen jurors summoned by the Clerk of Court (each having received a statutory fee of $30 pursuant to Va. Code Ann. § 17.1-618 (Michie 1999)), for the aborted trial on August 11. Under both Rule 4:12 and the Court's inherent powers, these costs constitute "reasonable expenses" caused by Allstate's default in its discovery obligations.

It is so ordered.