COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, McClanahan and Senior Judge Coleman


ROBERT L. NOLTING, JR.

                                                        MEMORANDUM OPINION*
v.        Record No. 0174-04-4                              PER CURIAM
                                                            JULY 13, 2004
HOLLY L. NOLTING


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              Joanne F. Alper, Judge

            (Nicholas A. Balland; Peter M. Baskin; Law Offices of Pelton,
            Balland, Demsky, Baskin & O'Malie, on brief), for appellant.

            (Martin A. Gannon; James Ray Cottrell; David H. Fletcher;
            Christopher W. Schinstock; Kyle F. Bartol; Mark B. Sandground, Sr.;
            Gannon & Cottrell, P.C.; Sandground, West, New & Lowinger, P.C.,
            on brief), for appellee.


        Robert L. Nolting (husband) appeals from the circuit court's December 29, 2003 final

decree awarding Holly L. Nolting (wife) a divorce.  On appeal, husband contends the trial court

(1) erred by imposing sanctions against him as set forth in the court's December 6, 2002 order,

(2) abused its discretion by "imposing an excessively harsh and severe sanction," (3) erred in

denying husband's motion to reconsider its December 6, 2002 sanctions ruling, (4) erred "in its

[o]rder of January 13, 2004 in refusing to retain jurisdiction to adjudicate equitable distribution after

the entry of the" final decree, and (5) erred "in refusing to require the wife to disclose through

discovery the extent of the marital estate in order for the court to equitably divide the marital estate

of the parties."  Upon reviewing the record and briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties married on February 25, 1984. On June 4, 2002, wife filed a bill of complaint seeking a divorce from husband. On June 10, 2002, wife served on husband interrogatories and a request for the production of documents. The responses were due July 10, 2002. On July 11, 2002, having not received husband's responses, wife filed a motion to compel and for sanctions. Wife provided husband with an extension until August 9, 2002 in which to file his discovery responses. When husband again failed to respond, wife filed a second motion to compel and for sanctions.

On August 15, 2002, husband provided his discovery responses, but they failed to fully answer the interrogatories. Husband's counsel indicated the deficiencies would be cured, but wife never received further responses. Wife then filed her third motion to compel discovery on October 11, 2002. On November 1, 2002, the court entered an order requiring husband to "forthwith provide full, complete and unequivocal responses to the discovery heretofore exhibited against him without objection." Husband responded with only a partial answer to the listed deficiencies.

On November 1, 2002, husband requested a continuance for his scheduled November 7, 2002 deposition. The parties agreed to continue the deposition until November 18, 2002. On the morning of November 18, husband's counsel informed wife's counsel that husband was ill and could not attend the deposition that day. The deposition was again rescheduled to November 22, 2002, and husband again failed to attend. According to husband's counsel, husband "didn't

show up because he [was] panicking about this." Wife then filed a motion for sanctions on November 25, 2002. The court heard argument on the matter on December 6, 2002.

Pursuant to Rule 4:12, the trial court ruled that husband "shall not introduce any evidence to support any claims he has made or intends to make against" wife and that he "shall not be allowed to introduce any evidence to oppose [wife's] claims for equitable distribution and an award of attorney's fees and costs."

Husband immediately filed a motion to reconsider the court's ruling. Wife responded to the motion, husband filed a memorandum in support of his motion, and the court gave its approval for husband to proceed with the motion at a mutually convenient time to be arranged between counsel and the court. However, husband made no effort to schedule a hearing on the matter until July 31, 2003, approximately eight months following the court's sanction decision. During that time, husband never supplemented his deficient discovery responses. The trial court denied husband's motion to reconsider on September 25, 2003.

Husband attempted to compel wife to supplement her discovery and to be deposed. The trial court found that pursuant to the December 6, 2002 sanctions order, husband was not permitted to compel discovery. The court denied husband's motions.

Following a hearing on December 29, 2003, the trial court entered the final decree of divorce and denied husband's motion to reserve jurisdiction to grant equitable distribution at a later time.

Analysis

I. and II.

Husband challenges the trial court's imposition of sanctions against him. He asserts the trial court erred "in imposing the sanction provided for in [R]ule 4:12(b)(2)(B) because no Order

directing the husband to provide discovery by deposition had ever been entered prior to December 6, 2002."

> Rule 4:12 governs the imposition of sanctions for "[f]ailure to [m]ake [d]iscovery." This rule permits circuit courts to strike a party's claims or defenses for failure to comply with a discovery order. Rule 4:12(b)(2)(B). Moreover, Rule 4:12(d) expressly authorizes the court to strike a party's claims or defenses for failure to timely serve answers to interrogatories. This rule "gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery." Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990).

Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993).

The trial court's November 1, 2002 discovery order specifically required husband to "provide full, complete and unequivocal responses to the discovery . . . ." Husband was duly noticed to appear for his depositions. Husband consistently refused to provide wife with responses to her discovery requests, thereby preventing her from investigating her allegations that husband wasted marital assets or ascertaining the value of husband's business. The court provided husband with ample opportunity to rectify his behavior but husband steadfastly refused to cooperate. The record supports the trial court's decision, and we find no abuse of discretion in the sanction the court imposed.

## III. and IV.

Husband argues the trial court erred in denying his motion to reconsider its December 6, 2002 sanctions ruling and erred in refusing to retain jurisdiction to adjudicate equitable distribution after the entry of the final decree.

Husband failed to submit arguments on these issues in his opening brief. Accordingly, he waived the issues. See Littlejohn v. Commonwealth, 24 Va. App. 401, 409, 482 S.E.2d 853, 857 (1997); Rules 5A:12(c) and 5A:20(e). "Since th[ese] argument[s] w[ere] not fully developed in

the appellant's brief, we need not address th[ese] question[s]." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

V.

Husband asserts the trial court erred by refusing "to allow [him] to conduct discovery from" wife.

Husband filed interrogatories seeking financial information from wife and also sought to depose wife. Wife filed a motion to quash, which the court granted on November 21, 2003. The trial court concluded that because the sanctions order prevented him from presenting any evidence against wife or challenging her claims, he was not entitled to compel discovery from her.

Trial courts "have the authority to interpret their own orders." Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). When examining a trial court's order on appeal, we defer to the interpretation adopted by that lower court. Id.; Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 411 (2002). Our analysis here, therefore, requires determining whether the trial court abused its discretion when interpreting its December 6, 2002 order.

The sanctions order provides that husband "shall not introduce any evidence to support any claims he has made or intends to make against" wife and that he "shall not be allowed to introduce any evidence to oppose [wife's] claims for equitable distribution and an award of attorney's fees and costs . . . ." The order broadly prohibits husband from challenging wife's claims or raising any claims on his behalf. The trial court did not abuse its discretion in concluding this order prohibited husband from requiring wife to answer interrogatories or to be deposed, as husband would not have been able to present to the court any evidence he may have obtained in such a process.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>